08-3703-cv
Carvel v. Cuomo

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

_____At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand nine.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
_Circuit Judges_,
JED S. RAKOFF,
_District Judge_.[*]

--------------------------------------------------------------------------------
PAMELA CARVEL,

_Plaintiff-Appellant_,

v.                                                          No. 08-3703-cv

ANDREW CUOMO, Attorney General of the State of New York, on behalf of the People of the State of New York and the Ultimate Charitable Beneficiaries of the Thomas and Agnes Carvel Foundation,

_Defendant-Appellee_.
--------------------------------------------------------------------------------

---

[*] District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

APPEARING FOR APPELLANT: PAMELA CARVEL, *pro se*, London, England.

APPEARING FOR APPELLEE: RAJIT S. DOSANJH, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Andrew M. Cuomo, Attorney General of the State of New York, Albany, New York.

Appeal from the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 26, 2008, is AFFIRMED.

Pro se plaintiff Pamela Carvel, the niece of the ice cream franchiser, sued defendant Andrew Cuomo, the Attorney General of the State of New York (the "Attorney General"), to compel him to bring an action to dissolve the Thomas and Agnes Carvel Foundation (the "Foundation"). She now appeals from the dismissal of her complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and from the denial of leave to amend. We review the dismissal of a complaint under either subsection de novo. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002); Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In doing so, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Plaintiff's claims against the Attorney General reduce to his alleged failure (1) to bring an action to dissolve the Foundation under N.Y. Not-for-Profit Corp. Law § 1101 or (2) "to enforce the rights of [charitable] beneficiaries by appropriate proceedings in the

2

courts" under N.Y. Est. Powers & Trusts Law § 8-1.1(f). It is well-established that "[t]he Eleventh Amendment bars federal suits against state officials on the basis of state law." Allen v. Cuomo, 100 F.3d 253, 260 (2d Cir. 1996); see Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law."); Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988) ("The federal courts have no general power to compel action by state officials."). Accordingly, we conclude that the district court correctly dismissed plaintiff's complaint for lack of jurisdiction.

While plaintiff's complaint recites violations of the federal Constitution and federal statutes, including the Internal Revenue Code and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., plaintiff has not alleged that the Attorney General himself violated any federal law or that he had any "personal involvement" in the alleged deprivation of her constitutional rights. Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (internal quotation marks omitted). Thus, construing the pro se complaint liberally, as we must, see Boykin v. KeyCorp., 521 F.3d 202, 214 (2d Cir. 2008), we also conclude that, to the extent we have jurisdiction, plaintiff has failed to "state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and that the district court did not abuse its discretion in denying plaintiff leave to amend, see McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (reviewing denial of leave to amend for abuse of discretion); Van Buskirk v. N.Y. Times Co., 325 F.3d 87, 91 (2d Cir.

3

2003) (noting that leave to amend is appropriate "when a liberal reading of the complaint gives any indication that a valid claim might be stated" (internal quotation marks omitted)).

We have considered plaintiff's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court


By: _____